## Johnston, Admx. v. Johnston, Executrix

*Robert Y. Daniels*, for petitioner.
*Carringer, Swanson & Millin*, contra.

WOLFE, *P.J.*, December 30, 1975.—Attorney Robert Y. Daniels has petitioned the court to remove Joseph E. Altomare, Esq., and the firm of Carringer, Swanson and Millin as counsel for plaintiff by reason of alleged conflict of interest.

No evidentiary hearing was held but rather an informal review of the allegations in chambers. Attorney Altomare was not present, not being available when the petition was considered immediately before jury selection by another member of the firm and the center of the controversy, Attorney Paul Millin.

During the course of a deposition of defendant,

Lois J. Johnston, petitioner, learned that her deceased husband, Stephen L. Johnston, had visited the law firm of Carringer, Swanson and Millin, having with him a $300 draft issued by his insurance company to plaintiff, Elaine Johnston, administratrix of the estates of her two daughters, who drowned when his vehicle in which the children were playing drifted into the Allegheny River.

According to Mr. Millin, Stephen L. Johnston, grandfather of the deceased children, came to him on behalf of his son and daughter-in-law, parents of the children, and not on his own behalf preparatory to any lawsuit but, rather, to ascertain what they should do. Mr. Millin stated he received no fee by reason of the visit, nor did he agree to represent defendant, nor was he retained by defendant, who has since died, and his wife, Lois J. Johnston, was appointed executrix of his estate.

Petitioner complains that during the course of this visit, Stephen Johnston, owner of the vehicle, had stated it had faulty brakes and he had had trouble with it prior to this tragic incident and that Mr. Millin intends to be a witness for plaintiff at the time of trial. Petitioner claims this is a conflict of interest that should not only disqualify Mr. Millin but also the firm of Carringer, Swanson and Millin.

A more serious question has been raised in that Attorney Altomare is also the attorney of record for the estate of Stephen L. Johnston who, according to the petition, was instrumental in perfecting letters of administration to be granted to Lois J. Johnston.

Accepting Mr. Millin's statements at face value, we cannot agree there is any conflict of interest on his part or the part of his law firm in representing plaintiff. In order to have a conflict of interest or a possibility of a conflict of interest it must be shown reasonably that counsel represented different par-

ties with conflicting interest or had obtained confidential information in the capacity as counsel from one party which he intends or does use against that party. We do not think the facts of this case fit that rule or violate any section of the Code of Professional Responsibility adopted by the Supreme Court of Pennsylvania on February 27, 1974. There is no evidence for us to conclude Mr. Millin agreed to represent Stephen Johnston, that he accepted any fee from him but, on the contrary, his statement stands that he was consulted for the benefit of plaintiffs.

Mr. Millin stated that although he intends to aid Mr. Altomare in the trial of the case, he does not intend to be a witness on plaintiff's behalf because his entire conversation with decedent, Stephen Johnston, centered around the issue of the insurance check.

We are not satisfied, however, that Mr. Altomare should continue to represent the estate of Stephen L. Johnston. It is possible letters were taken out on his estate merely to create a party defendant which is not in violation of the Code of Professional Responsibility; however, it does leave an appearance of impropriety. The defendant-executrix of the estate of Stephen L. Johnston is the grandmother of the deceased children.

We will, therefore, direct that Mr. Altomare remove himself as counsel for the estate of Stephen L. Johnston.

For the foregoing reasons, we enter the following

## ORDER

And now, December 30, 1975, the petition to remove counsel and law firm of Carringer, Swanson and Millin is denied. Attorney Joseph E. Altomare shall terminate his services of record as counsel for the estate of Stephen L. Johnston.